

**FILED**
**Nov 29, 2018**
**11:49 AM (CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Donald Rye | ) | Docket No. 2017-06-0627 |
| | ) | |
| v. | ) | State File No. 12929-2015 |
| | ) | |
| Calsonic Kansei North America, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

### Affirmed and Remanded – Filed November 29, 2018

This interlocutory appeal questions the correctness of the trial judge's denial of motions for summary judgment filed by the employee and the Subsequent Injury and Vocational Recovery Fund ("Fund"). The employee alleges he suffered a compensable bilateral carpal tunnel injury in 2015 and that he is 100% vocationally disabled as a result of a combination of the 2015 injury and a 2013 work-related lumbar injury. The employee asserts he is entitled to a partial summary judgment determining his bilateral carpal tunnel injury to be compensable and his permanent vocational disability to be 100%. Although the employee's bilateral carpal tunnel syndrome was not diagnosed until 2015, the Fund contends it arose out of a 2012 work accident and had not advanced since the time of the 2012 incident. Thus, the Fund contends it is entitled to a judgment dismissing it as a party to the employee's 2015 claim. For its part, the employer agrees the employee sustained a compensable work-related bilateral carpal tunnel injury in 2015 and contends the only issue for trial is the apportionment of liability between it and the Fund for permanent total disability benefits. The trial court concluded there were material factual issues in dispute that precluded the grant of summary judgment to the employee or the Fund. The employee and the Fund have appealed. We affirm the trial court's denial of the summary judgment motions and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Steven Fifield, Hendersonville, Tennessee, for the employee-appellant, Donald Rye

Ronald McNutt, Nashville, Tennessee, for the appellant, Subsequent Injury and Vocational Recovery Fund for the Tennessee Bureau of Workers' Compensation

John White, Shelbyville, Tennessee, for the employer-appellee, Calsonic Kansei North America, Inc.

## Factual and Procedural Background

Donald Rye ("Employee") was employed by Calsonic Kansei North America, Inc. ("Employer"), and was working in Employer's Smyrna Nissan facility on July 10, 2012, when he was struck by a forklift that was driven by an employee of another company. Employee sustained serious cervical injuries as a result of the incident and underwent cervical fusion surgery performed by Dr. Tarek Elalayli. From the time of the 2012 injury, Employee complained of radicular symptoms that extended from his neck into his arms and hands. In January 2013, Dr. Elalayli placed Employee at maximum medical improvement for his 2012 injuries and released him to return to full duty. At the time of Employee's release, Dr. Elalayli noted that Employee's radicular symptoms had improved but had not completely resolved, as Employee continued to complain of residual numbness in his fingers.

Following Employee's return to work in 2013, he sustained another work-related injury on April 17, 2013, when he bent down to pull a pin from a machine and fell backwards, experiencing a sudden onset of low back pain. Employee again treated with Dr. Elalayli for his lumbar injuries, undergoing two surgical procedures including a fusion of his lumbar spine at L4/5 and L5/S1. He was out of work from mid-February 2014 until he returned to modified duty in November 2014. Dr. Elalayli placed Employee at maximum medical improvement for his lumbar injury on January 5, 2015, and suggested permanent work restrictions of no lifting greater than 20 pounds and no bending below the waist.

Employee continued to complain of radicular symptoms in his upper extremities following his return to work in January 2013. Because the radicular symptoms persisted after his April 2013 lumbar injury, Dr. Elalayli ordered an electromyography ("EMG") in December 2014. When Dr. Elalayli placed Employee at maximum medical improvement for his lumbar injuries the following month, he advised Employee to follow up to discuss the results of the EMG. The EMG was performed on February 5, 2015, and revealed bilateral carpal tunnel syndrome. Employee did not return to work after February 5, 2015, and was placed on a leave of absence by Employer.

Employee reported the bilateral carpal tunnel syndrome to Employer as a new work-related injury. Employer accepted the claim and provided Employee medical care with Dr. Thomas Dovan, an orthopedic surgeon. Dr. Dovan performed bilateral carpal tunnel releases in April and June 2015 and performed a revision surgery on Employee's left wrist in December 2015 due to persisting symptoms. Following the surgeries, Employee underwent a functional capacity evaluation ("FCE"). Based upon the results of the FCE, Dr. Dovan released Employee from his care with no restrictions related to

Employee's bilateral carpal tunnel syndrome. As a result of Employee's bilateral carpal tunnel syndrome, Dr. Dovan assigned Employee a permanent impairment of four percent to the body as a whole.

Following Employee's release by Dr. Dovan, Employee filed a petition for benefits asserting he suffered a gradual injury to his upper extremities. The Fund was made a party to the claim. The Fund disputed whether Employee had suffered a gradual injury and disputed whether Employee's carpal tunnel condition caused him to be permanently totally disabled.

Employee filed a motion for partial summary judgment, asserting his bilateral carpal tunnel syndrome was a compensable work-related injury that, in combination with his prior lumbar injury, rendered him permanently totally disabled. Employee additionally contended that the Fund was liable for a portion of the permanent disability benefits and that the allocation of liability between the Fund and Employer was the only issue for trial.

The Fund opposed Employee's motion for partial summary judgment and filed its own motion for summary judgment in which it asserted that Employee's carpal tunnel syndrome arose from the 2012 injury and was not advanced or aggravated by his subsequent work for Employer. Responding to Employee's and the Fund's motions for summary judgment, Employer contended that Employee sustained compensable work-related bilateral carpal tunnel injuries in 2015. Employer asserted that the opinion of Dr. Dovan causally relating Employee's bilateral carpal tunnel syndrome to his work with Employer foreclosed summary judgment in favor of the Fund. Employer agreed with Employee that the only issue for trial was the allocation of liability between Employer and the Fund.

The trial judge denied both motions, noting that Employee and the Fund relied "almost exclusively on the deposition testimony of Drs. Elalayli and Dovan." Stating that the parties' requests that the judge "review the testimony and make a determination of its meaning at the summary judgment phase" required the judge to "make factual determinations," the trial judge concluded there were "disputed material facts that prohibit entry of summary judgment for either party." Employee and the Fund have appealed.

**Standard of Review**

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review

3

is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* at 250.

## Analysis

### A.

The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party does not meet its initial burden of production, the nonmoving party's burden is not triggered and the motion for summary judgment should be denied. *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* at 578. In reviewing a trial judge's decision on a motion for summary judgment, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999). We are not to weigh the evidence when evaluating a motion for summary judgment. *See Martin*, 271 S.W.3d at 87.

When faced with competing motions for summary judgment, a trial court "must rule on each party's motion on an individual and separate basis." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 83 (Tenn. 2010). As to each such motion, the trial court must determine whether genuine disputes of material facts exist and whether the party seeking summary judgment has satisfied the requirements of Rule 56 of the Tennessee Rules of Civil Procedure in order to render a judgment as a matter of law. Accordingly, the analysis of cross-motions for summary judgment is no different than the analysis of a single summary judgment motion, and the denial of a motion for summary judgment does not necessitate the granting of a competing cross-motion. *Id.* (citations omitted).

When considering a motion for summary judgment where the moving party does not bear the burden of proof at trial, as with the Fund's motion in this case, the moving party may make the required showing under Rule 56 and shift the burden of production to the nonmoving party either "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264; *see also* Tenn. Code Ann. § 20-16-101 (2018). The Fund attempts to make the required showing here to defeat Employee's claim against it by establishing that Employee's bilateral carpal tunnel condition arose out of Employee's 2012 work-related accident rather than being a gradual injury manifesting in 2015.

4

**B.**

We begin with Employee's assertion that he is entitled to a judgment as a matter of law determining that (1) his claim of a 2015 gradual bilateral carpal tunnel injury is compensable, and (2) he is permanently totally disabled as a result of his bilateral carpal tunnel injury and his 2013 work-related lumbar injury.

Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party. The rule requires of the moving party that each fact "shall be set forth in a separate, numbered paragraph," and that "[e]ach fact shall be supported by a specific citation to the record." Tenn. R. Civ. P. 56.03. When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56], 'set out the specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06).

In accordance with Rule 56.03, Employee identified several facts he asserts to be material and undisputed, including the facts that: (1) Dr. Dovan opined that Employee's "bilateral carpal tunnel condition arose primarily out of the course and scope of [Employee's] employment as a production technician with [Employer]," and (2) Employee's "permanent vocational disability is 100% in light of both his lumbar injury and his bilateral carpal tunnel syndrome injury." Employee supported his assertion that Dr. Dovan provided an undisputed causation opinion by citing specific deposition testimony of Dr. Dovan and exhibits to the deposition. Employee supported his assertion of his "permanent vocational disability [of] 100% in light of both his lumbar injury and his bilateral carpal tunnel syndrome injury" by citing specific deposition testimony of a vocational evaluator, Michael Galloway, and exhibits to the evaluator's deposition.

The Fund denied that Dr. Dovan's causation opinion was undisputed. It supported this position by referencing specific testimony in Dr. Dovan's deposition, arguing that the testimony "ascribes causation to a repetitive injury from 2012." As support for its denial of Employee's assertion of 100% "permanent vocational disability," the Fund referenced Employee's January 2017 settlement of his 2013 low back injury claim. The Fund contended that in January 2017 Employee represented to the Bedford County Circuit Court that his disability was only "partial" and that he "regarded himself as [only] partially disabled" even though he knew he had been placed at maximum medical improvement for his carpal tunnel condition and would not be returning to work. The Fund further asserted that Employee's own assessment of his disability "is relevant and competent testimony to be considered."

The Fund additionally set forth six separate facts that it asserted to be undisputed, which it contended supported both its motion for summary judgment and its objection to Employee's motion for partial summary judgment. As support for those statements, the

5

Fund pointed to specific testimony in the deposition of Dr. Dovan for four of those statements, to specific testimony in the deposition of Dr. Elalayli for one of the statements, and to specific testimony in Employee's deposition for the remaining statement.

In response to the Fund's six statements of undisputed facts, Employee essentially denied all but two of the statements, citing, as support, specific testimony from the depositions of Drs. Dovan and Elalayli. Employee did, however, admit that Dr. Dovan testified he received a handwritten note from Employee at a March 2015 visit in which Employee stated he had "hand symptoms since he was run over by a forklift on July 10, 2012." Employee also admitted that he "had hand and wrist symptomology following the 2012 trauma." However, regardless that these two statements of fact were undisputed, they do not establish, *as a matter of law*, either Employee's assertions that he is entitled to judgment as a matter of law, or the Fund's assertion that it is entitled to a judgment as a matter of law.

The trial judge correctly noted that the parties were essentially requesting the judge to review and weigh the medical testimony. In reviewing the medical testimony and considering it in the light most favorable to the nonmoving parties' assertions, the trial judge concluded there were many disputed material facts in the testimony of Dr. Dovan and of Dr. Elalayli. Any determination of causation on this record requires comparing testimony and assessing credibility, which the trial court must not do at the summary judgment phase. *See Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 752 (Tenn. 2015). As noted above, a trial court "must not weigh the evidence at the summary judgment stage." *Cruce v. Memmex, Inc.*, No. W2016-01167-COA-R3-CV, 2017 Tenn. App. LEXIS 82, at *17-18 (Tenn. Ct. App. Feb. 7, 2017). Our review likewise leads us to the conclusion we would have to weigh the medical testimony and assess credibility to determine whether causation for Employee's bilateral carpal tunnel condition was established. The fact that both parties accurately refer to portions of the physicians' testimony to support their differing theories of causation reflects the very essence of a disputed issue of material fact.

Similarly, we would have to weigh the evidence concerning Employee's permanent vocational disability and address the credibility of such evidence to determine whether Employee is 100% permanently vocationally disabled, as he asserts, as a result of his carpal tunnel injuries and the 2013 lumbar injury. Furthermore, even if Employee's assertion that he is permanently totally disabled as a result of his bilateral carpal tunnel injury and his 2013 work-related lumbar injury is established, it does not necessarily follow that the Fund would be responsible for any permanent disability benefits. Like the trial court, we conclude the record contains disputed material facts that foreclose a resolution of the questions of medical causation or the extent of Employee's permanent vocational disability at the summary judgment stage.

Finally, the Fund asserts that the trial court lacked subject matter jurisdiction because Employee's carpal tunnel injury arises out of a 2012 injury. As addressed above, whether Employee's bilateral carpal tunnel injury is causally related to the 2012 work incident or arises primarily out of Employee's 2015 work cannot be determined at the summary judgment stage due to the disputed material facts. Accordingly, we need not reach the merits of the Fund's jurisdictional argument at this time.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision denying the motions for summary judgment and remand the case.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Donald Rye | ) | Docket No.  2017-06-0627 |
| | ) | |
| v. | ) | State File No.  12929-2015 |
| | ) | |
| Calsonic Kansei North America, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of November, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Steven Fifield | | | | | X | steven@rockylawfirm.com |
| John White | | | | | X | jwhite@bobohuntandwhite.com |
| Ronald McNutt | | | | | X | ronald.mcnutt@tn.gov |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov